# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REO COVINGTON,

                Plaintiff,

v.

Case No. 18-CV-187-JPS

NANCY BOWENS, DR. P. MURPHY,
and NURSE MELANIE,

**ORDER**

                Defendants.

Plaintiff, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). He did not pay the $400.00 filing fee or include with his complaint a motion for leave to proceed *in forma pauperis*. As a result, on February 2, 2018, the Clerk of the Court sent Plaintiff a letter requesting that he either pay the full filing fee or file a motion for leave to proceed *in forma pauperis* within twenty-one days. (Docket #2). It appears that the letter was sent to Columbia Correctional Institution ("Columbia"), although Plaintiff has during the pendency of this action always been incarcerated at Oshkosh Correctional Institution ("Oshkosh"). *See id.*

The deadline set by the Clerk of the Court expired on February 23, 2018, but Plaintiff had filed nothing by that date except a refusal to consent to the jurisdiction of the assigned magistrate judge. *See* (Docket #4). (It is unclear whether he did so because he had in fact received the February 2 letter, which included an admonition regarding magistrate judge consent jurisdiction in addition to the fee issues, or whether he did

of his own accord without receiving the letter.) On February 26, 2018, the Court gave Plaintiff seven more days, or until March 5, 2018, to either pay the filing fee in full or submit an application for leave to proceed *in forma pauperis*, warning that if he did not do one of these two things, his case would be dismissed for failure to prosecute. (Docket #5 at 1). The Court's docket reflects that the February 26 order was sent to Plaintiff at Oshkosh.

Plaintiff did not make a submission by the Court's deadline of March 5, and so the Court dismissed his case on March 7. (Docket #6, #7); Civ. L. R. 41(c). A day later, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket #8). In it, he describes his financial circumstances, his prior lawsuits, and the fact that the Clerk of the Court's February 2 letter was sent to the wrong institution—although he does not claim he never received the letter, and he somehow obtained a copy of it despite it being sent to Columbia. *Id.* at 1–2. Because of the uncertainty surrounding whether Plaintiff actually received the February 2 letter, the Court finds it prudent to vacate its dismissal and reopen this matter.

However, the fact remains that the Court's February 26 order was sent to Oshkosh, yet Plaintiff did not make a timely submission in conformity with that order. Thus, Plaintiff has ignored at least one Court directive.

Further, there are problems with Plaintiff's motion for leave to proceed *in forma pauperis*. First, it does not contain all of the information about his assets, income, and expenses that the Court requires. Plaintiff's scattered comments about his indigence do not suffice. Second, as he seems to concede in his motion, *see id.* at 2, Plaintiff has not submitted his prison trust account statement for the six-month period immediately

preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). Without this, the Court cannot assess an initial partial filing fee pursuant to Section 1915(b)(1). He must secure a copy of that trust account statement and file it with the Court.[1]

For these reasons, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice. He must file an amended motion using the Court's standard form for such motions, as well as his six-month trust account statement, no later than **March 23, 2018**. If he does not, the case will again be dismissed and will not be reopened. A copy of the Court's standard form for motions for leave to proceed *in forma pauperis* is being sent to him along with this Order.

Accordingly,

**IT IS ORDERED** that the Court's order and judgment of March 7, 2018 (Docket #6, #7) be and the same are hereby **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #8) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff must file an amended motion for leave to proceed *in forma pauperis*, using the Court's standard form, and his prison trust account statement for the six-month period immediately preceding the filing of this lawsuit, as required by 28 U.S.C. §

---

[1] Plaintiff suggests that he requested that officials at the U.S. District Court for the Western District of Wisconsin send a copy of his trust account statement to this Court because he is "unable to secure another copy." (Docket #8 at 2). Plaintiff should note that court officials are not required to act on his behalf, and if they do not, it remains his duty to ensure that the trust account statement is timely filed with this Court. An unexplained, uncorroborated inability to submit the trust account statement is not enough to absolve him of this obligation.

1915(a)(2), no later than **March 23, 2018**. Failure to do so will result in dismissal of this action without further notice. *See* Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin, this 9th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge