# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REO COVINGTON,

      Plaintiff,

v.

NANCY BOWENS, DR. P. MURPHY, and NURSE MELANIE,

      Defendants.

Case No. 18-CV-187-JPS

**ORDER**

On February 2, 2018, Plaintiff, a prisoner proceeding *pro se*, filed a complaint alleging that his civil rights were violated. (Docket #1). However, he did not pay the $400.00 filing fee for this civil action or submit a motion for leave to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the past six months. *See* 28 U.S.C. § 1915(b)(1). As a result, the Court was obliged to dismiss his case. (Docket #6, #7).

The Court reopened this matter at Plaintiff's request on March 8, 2018, when he filed a motion for leave to proceed *in forma pauperis*. (Docket #8, #9). The Court noted, however, that the motion was incomplete, as it did not contain sufficient information about Plaintiff's income, assets, and expenses, nor did he include a certified copy of his six-month trust account statement. (Docket #9 at 2–3). Although Plaintiff complained that he lacked funds to obtain a certified copy of the statement, the Court warned him that it was his duty to procure one. *Id.* at 3 n.1.

Plaintiff filed an amended motion for leave to proceed *in forma pauperis* on March 14, 2018. (Docket #10). He has successfully pled his

indigence by giving a thorough assessment of his income, assets, and expenses. *See id.* However, the trust account statement he filed is not certified. (Docket #11). The Prison Litigation Reform Act ("PLRA") expressly requires that the statement filed with the court be certified. 28 U.S.C. § 1915(a)(2). Apparently in recognition of his failure to meet this requirement, Plaintiff states in his motion that because of his indigence, he "cannot pay for other copies" of his trust account statement. (Docket #10 at 4).

Plaintiff may not think much of Congress' direction that the trust account statement be certified, but this Court is not at liberty to dispense with that requirement. This is true even though Plaintiff may well be correct that the drains upon his funds—including periodic payments for the fees in his many prior civil actions—prevents him from paying for a certified copy of his trust account statement. He may also be ineligible for a legal loan, commonly afforded to prisoners for such copying costs. In either event, Plaintiff's indigence does not allow the Court to overlook the PLRA's mandate that a certified copy of the statement be provided.

Although the PLRA allows qualifying prisoners to avoid prepaying the filing fee for a civil action or appeal, it does not subsidize litigation costs, including copying, postage, service, and the like. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (internal citation omitted); *see also Czapiewski v. Thomas Doe*, Case No. 16–cv–426, 2016 WL 1733456, at *1 (E.D. Wis. Apr. 29, 2016) (denying prisoner use of his release account to pay for copying, postage, and other litigation costs). Notably, the statute only permits a court to waive the initial partial filing fee ("IPFF") when the inmate shows he cannot afford it. 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or

criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Copying costs for the six-month trust account statement are a distinct precursor to the assessment of the IPFF. As the Seventh Circuit has observed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003).

Plaintiff will be granted one more chance to submit a certified copy of his six-month trust account statement as required by the PLRA. If he does not do so on or before **April 2, 2018**, he will not be permitted to proceed *in forma pauperis* and will be ordered to pay the $400.00 filing fee in full. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (failure to file complete application for *in forma pauperis* status requires denial of leave to proceed *in forma pauperis*), *overruled on other grounds*, *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013); *Alexander v. Perrenoud*, No. 03-C-0578-C, 2004 WL 2781220, at *1 (W.D. Wis. Dec. 1, 2004).

Accordingly,

**IT IS ORDERED** that Plaintiff shall submit a certified copy of his six-month trust account statement as required by the PLRA no later than **April 2, 2018**. Failure to do so will result in denial of leave to proceed *in forma pauperis*.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge