# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REO COVINGTON,

              Plaintiff,

v.

NANCY BOWENS, DR. P. MURPHY,
and NURSE MELANIE,

              Defendants.

Case No. 18-CV-187-JPS

ORDER

On February 2, 2018, Plaintiff, a prisoner proceeding *pro se*, filed a complaint alleging that his civil rights were violated. (Docket #1). However, he did not pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the past six months. *See* 28 U.S.C. § 1915(b)(1). As a result, the Court dismissed the case. (Docket #6, #7).

The Court reopened the action at Plaintiff's request on March 8, 2018, when he filed a motion for leave to proceed *in forma pauperis*. (Docket #8, #9). But Plaintiff's motion was incomplete, as it did not contain sufficient information about Plaintiff's income, assets, and expenses, nor did he include a certified copy of his six-month trust account statement. (Docket #9 at 2–3). Although Plaintiff complained that he lacked funds to obtain a certified copy of the statement, the Court warned him that it was his duty to procure one. *Id.* at 3 n.1.

At the Court's direction, Plaintiff filed an amended motion for leave to proceed *in forma pauperis* on March 14, 2018. (Docket #10). He successfully pled his indigence by giving a thorough assessment of his

income, assets, and expenses. *See id.* However, the trust account statement he filed was not certified. (Docket #11). The Prison Litigation Reform Act expressly requires that the statement filed with the Court be certified. 28 U.S.C. § 1915(a)(2). Despite his plea that he could not afford a certified copy of the statement, the Court determined that it was without power to waive the requirement. (Docket #12 at 2). Plaintiff was ordered to submit a certified copy of his six-month trust account statement no later than April 2, 2018, or else he would be denied leave to proceed *in forma pauperis*. *Id.*

That deadline passed and the Court received nothing from Plaintiff. As it warned him would happen, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* and directed him pay the $400.00 filing fee for this action in full no later than April 18, 2018. (Docket #13). The Court further warned that failure to do so would result in dismissal of this action without further notice. *Id.*

April 18 came and went, and Plaintiff has not paid the filing fee. Despite filing several letters about difficulties in e-filing extraneous documents and falsely claiming to send a certified copy of his trust account statement, *see* (Docket #14, #15, #16), he has ignored the Court's instruction that this case cannot proceed without full payment of the filing fee. As a result, the Court is obliged to dismiss the complaint without prejudice for failing to pay the filing fee. Civ. L. R. 41(c).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to pay the filing fee.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge